## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MR. MONOSIJ DUTTA-ROY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE NO.** |
| **v.** | : | **1:14-cv-00280-TWT** |
| | : | |
| **MR. JONATHAN FAIN** | : | **[Magistrate Judge Baverman]** |
| *(counsel to Jysk)*; | : | |
| **MR. ASHUTOSH JOSHI** | : | |
| *(counsel to Jysk)*; | : | |
| **JYSK BED'N LINEN,** *as* | : | |
| *successor to Quick Ship* | : | |
| *Holding, Inc., d/b/a By Design* | : | |
| *doing business as* **By Design,** | : | |
| | : | |
| **Defendants.** | : | |

### ORDER AND FINAL REPORT AND RECOMMENDATION

This matter is presently before the Court on Plaintiff Mr. Monosij Dutta-Roy's application to proceed *in forma pauperis* ("IFP"). [Doc. 1]. Plaintiff, proceeding *pro se*, brings a civil action in which he appears to allege claims for abuse of process and injunctive relief arising from activity related to the litigation of *Jysk Bed'N Linen v. Dutta-Roy*, Civ. Action No. 1:12-cv-03198-TWT (N.D. Ga.). [Doc. 1-1].

## I.     *In Forma Pauperis Determination*

Plaintiff's application to proceed *in forma pauperis* and affidavit in support thereof assert that Plaintiff has a monthly income of $2,300 from rental property but is presently unemployed and without unemployment benefits. [Doc. 1 at 1, 6]. He states that he has $10 in cash on hand and another $10 in bank accounts, and he reports that he has exhausted all of his savings, including his 401K. [*Id.* at 2, 6]. He states that he owns a home worth $400,000 and a 1989 Honda Civic EX worth $1,500. [*Id.* at 2, 6]. He indicates that he is not married, no one owes him money, and no one relies on him for support. [*Id.* at 1, 3]. Plaintiff lists monthly expenses totaling $2,790 as follows: $2,200 for housing, $200 for utilities, $200 for food, $50 for transportation, $40 for motor vehicle insurance, and $100 for storage. [*Id.* at 4-5]. He also states that he has considerable debt, including credit card bills totaling $6,000, legal fees totaling $7,000, back taxes totaling $4,000, and student loans and personal loans totaling $50,000. [*Id.* at 6].

The Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees and costs or security therefor, by a person who

2

AO 72A
(Rev.8/8
2)

submits an affidavit that includes a statement of all assets such prisoner[1] possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).

Because Plaintiff is unemployed, in considerable debt, and has no liquid assets, and because his moderate expenses of living significantly outweigh his monthly income, the Court finds that Plaintiff is unable to pay the filing fees associated with the present lawsuit.  Plaintiff's request to proceed IFP is therefore **GRANTED**.

## II.     Frivolity Review

Because the undersigned has determined that Plaintiff may proceed IFP, the Court must perform a frivolity review pursuant to 28 U.S.C. § 1915(e).  Under 28 U.S.C. § 1915(e), a court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, at *1 (M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.' " *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*,

---

[1]        Although Congress used the word "prisoner" here, Section 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

251 F.3d 1346, 1349 (11th Cir. 2001)).   A litigant does not state a claim under § 1915(e)(2)(B)(ii) "when the facts as pleaded do not state a claim for relief that is 'plausible on its face.' " *Thompson v. Fernandez Rundle*, 393 Fed. Appx. 675, 678 (11th Cir. Aug. 20, 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Moreover, § 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Bilal*, 251 F.3d at 1349 (quoting *Neitzke*, 490 U.S. at 327).

A *pro se* pleading is liberally construed. *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).  This leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings.  *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 Fed. Appx. 274, 276-77 (11th Cir. Jan. 9, 2008) (per curiam) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)); *see also GJR Invs., Inc.*, 132 F.3d at 1369 ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party . . . .").

Independent of the Court's duty under § 1915(e) to evaluate the claim of a party proceeding *in forma pauperis*, the Court also has an obligation to insure that subject matter jurisdiction exists.  " 'Subject matter jurisdiction . . . refers to a tribunal's power

4

to hear a case.' " *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 891 (11th Cir. 2013) (quoting *Morrison v. Nat'l Australia Bank, Ltd.*, 130 S. Ct. 2869, 2877 (2010)). "As the Federal Rules of Civil Procedure state, 'If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.' " *Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013) (quoting Fed. R. Civ. P. 12(h)(3)); *accord Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); *id.* ("Subject-matter jurisdiction can never be waived or forfeited."); *see also Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.") (quotation marks omitted).  A complaint is frivolous under § 1915 where the Court lacks subject matter jurisdiction.  *Davis v. Ryan Oaks Apartment*, 357 Fed. Appx. 237, 238-39 (11th Cir. Dec. 17, 2009).

This case is frivolous because there is no subject matter jurisdiction in this Court. Federal courts are courts of limited jurisdiction that generally can consider only cases that involve federal questions or that meet the requirements for diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.  First, there is no federal question jurisdiction.  Federal

AO 72A
(Rev.8/8
2)

question jurisdiction exists when an action arises under the Constitution, laws, or treaties of the United States. *Id.* § 1331. "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). Although Plaintiff alleges that his action is related to another case in which federal claims were raised, *Jysk Bed'N Linen v. Dutta-Roy*, No. 1:12-cv-3198-TWT, that action is closed. [*See* Dkt. in 12-cv-3198]. In the instant action, Dutta-Roy raises only state law claims against Defendants under O.C.G.A. §§ 9-15-14, 13-6-11. His citation to 15 U.S.C. § 1125 relates to the claims made against him in the closed litigation, and does not supply a basis for federal question jurisdiction in this matter.

Moreover, there is no diversity of citizenship jurisdiction in this case. Diversity jurisdiction exists when complete diversity of citizenship exists between the adverse parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff. 28 U.S.C. § 1332; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990); *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005)

AO 72A
(Rev.8/8
2)

(per curiam).   At least two or the three Defendants are citizens of the State of Georgia.  [*See* Doc. 1-6 at 1].  Therefore, complete diversity is lacking.

### III.    Conclusion

For the above-stated reasons, Plaintiff's motion to proceed IFP, [Doc. 1], is **GRANTED**, but the undersigned **RECOMMENDS** that the action be **DISMISSED** as frivolous.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO ORDERED, RECOMMENDED and DIRECTED**, this 2d day of April, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

7